IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAVELL RONDELL JOHNSON, | ) | No. C 07-2733 SBA (pr) |
| Petitioner, | ) | **ORDER OF TRANSFER** |
| v. | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Respondents. | ) | |

Petitioner Lavell Rondell Johnson filed a document entitled "Petition for a Writ of Habeas Corpus by a Person in State Custody." He also requests leave to proceed in forma pauperis.

Petitioner states that in 1985, he was convicted in this Court of armed bank robbery and sentenced to twenty-five years imprisonment. See United States v. Lavell Rondell Johnson, Case No. CR 85-0393 WHO.

The instant petition is difficult to decipher, but it appears Petitioner, who is a federal parolee held at the Sacramento County Jail, is challenging the execution of his sentence rather than challenging his conviction. He alleges that a "miscalculation" of his sentence in Case No. CR 85-0393 WHO "has Petitioner being held under false imprisonment." He further claims that the "U.S. Parole Commission has no jurisdiction to detain the Petitioner or revoke parole." Therefore, he also seems to be challenging the United States Parole Commission's decision to revoke his parole. However, Petitioner states that in 2004, he filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, challenging the United States Parole Commission's decision to revoke his

parole. See Johnson v. Benov, Case No. CV 04-3103-RSWL(RC). On January 26, 2005, his petition was denied after the Report and Recommendation by Magistrate Judge Rosalyn M. Chapman was adopted.[1]

**DISCUSSION**

As mentioned above, Petitioner's criminal proceedings took place in this district before the Honorable William H. Orrick. However, the Court construes the instant petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence.

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. Cf. Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir. 1992) (presentence time credit claim); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (same). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this to mean that the court issuing the writ must have jurisdiction over the custodian. Rumsfeld v. Padilla, 542 U.S. 426, 440-42 (2004). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 442-43.

Here, Petitioner was convicted in this district, but he is confined at Sacramento County Jail, which is located in Sacramento County. Sacramento County is within the venue of the United States District Court for the Eastern District of California. Therefore, pursuant to 28 U.S.C. § 2241(b), this case is TRANSFERRED to the United States District Court for the Eastern District of California. See 28 U.S.C. § 2241(b).

---

[1] If Petitioner is challenging the United States Parole Commission's decision to revoke his parole, then he is filing a successive petition to his prior petition filed in Central District Case No. CV 04-3103-RSWL(RC). A second or successive petition may not be filed in federal court unless a petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The statutory bar against successive petitions applies to actions brought under 28 U.S.C. § 2241. See, e.g., Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997).

**CONCLUSION**

For the foregoing reasons, the Clerk of the Court is directed to TRANSFER the entire file to the United States District Court for the Eastern District of California. In view of the transfer, the Court will not rule on Petitioner's motion for leave to proceed <u>in forma pauperis</u> (docket nos. 2, 4).

IT IS SO ORDERED.

DATED: 10/16/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAVELL RONDELL JOHNSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA et al,

    Defendant.

Case Number: CV07-02733 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lavell Rondell Johnson X-4272439
4E-329
Sacramento County Jail
651 I Street
Sacramento, CA 95814

Dated: October 17, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk